IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SEYED ALIREZA AMIDI NAMIN,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN JEFFREY VERT,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:25-cv-00900-RJS<br><br>United States District Judge Robert J. Shelby |

    This matter comes before the court on Plaintiff Seyed Alireza Amidi Namin's Motion to Proceed *in forma pauperis* (IFP)[1] and Motion for Temporary Restraining Order.[2] For the reasons explained below, the court denies Plaintiff's Motions and dismisses this matter.

### BACKGROUND[3]

    On October 10, 2025, Plaintiff filed this lawsuit against Defendant Kevin Jeffrey Vert alleging real estate fraud.[4] Plaintiff alleges Vert is a "pseudonym" and his true identity is unknown.[5] Although it is not clear from Plaintiff's Amended Complaint, it appears Plaintiff alleges Defendant, "with the support of government officials," fraudulently participated in forging property ownership documents used to prevent him from renting property in California.[6]

---

[1] Dkt. 2, *Motion to Proceed in Forma Pauperis*.

[2] Dkt. 6, *Plaintiff's Ex-Parte Application for Preliminary Approval of Temporary Restraining Order and Injunction* (*Motion*).

[3] The following background is based on Plaintiff's Amended Complaint.

[4] Dkt. 1, *Complaint*; Dkt. 5, *Amended Complaint*.

[5] *Amended Complaint* ¶ 32; *see also id.* ¶ 10 ("[D]efendant's identity is unknown and needs to be established.").

[6] *Id.* ¶¶ 51–68.

Plaintiff also alleges he received a threatening text message in retaliation for filing a prior lawsuit from a number Plaintiff ascribes to Defendant and "mafia network members."[7] Plaintiff also appears to allege the mafia largely consists of government officials and politicians.[8] Plaintiff asserts the following Claims[9]: 1) violation of unalienable rights and due process under the Fifth Amendment[10]; 2) violation of due process and equal protection under the Fifth and Fourteenth Amendments[11]; 3) discrimination in the sale or rental of housing and other prohibited practices[12]; 4) violation of Plaintiff's statutory rights[13]; 5) conspiracy against rights[14]; 6) violation of 28 U.S.C. § 1001[15]; 7) false claims[16]; 8) perjury[17]; 9) violation of 18 U.S.C.

---

[7] *Id.* ¶ 76.

[8] *See, e.g.*, *id.* ¶ 4 (referring to "the mafia network of government officials and the judicial system"); *id.* ¶ 7 (stating the judicial system, prosecutors, judges, law enforcement, governmental officials, departments, the FBI, District Attorney offices, and responsible individuals in every federal organization" "are a mafia of government, judicial system, law enforcement, and others"). *See also id.* ¶ 107 ("[D]efendant threatened to kill my fiancé and me in a text message on January 25, 2025, with the support of the Riverside sheriff and police department, District Attorney, the FBI, U.S. Marshal, Board of Supervisors, Palm Desert Sheriff's Department, Indio and Cathedral police departments, Palm Desert Mayor and Council, CA Attorney General Rob Bonta, Gavin Newsom, Senators Adam Schiff and Alex Padilla, Congressmen, U.S. Representative, Orange County Presiding Maria D. Hernandez, OC District Attorney Todd Spitzer, U.S. Attorney Bilal Essayli, OC Judge Colover, his attorneys, and others.").

[9] All of Plaintiff's Claims are brought under one or more of the following: the Fifth Amendment, Fourteenth Amendment, 42 U.S.C. §§ 1983, 3604, 18 U.S.C. §§ 241–42, 495, 875, 1001, 1021, 1031, 1513–14, 1621, 63 U.S.C. §§ 1341–46, 1349, 47 U.S.C. § 223, and 31 U.S.C. § 3729.  The court does not restate every statute for every claim for the sake of clarity and includes additional references to statutes only where the Amended Complaint does not otherwise explain the cause of action.

[10] *Id.* ¶¶ 92–95.

[11] *Id.* ¶¶ 96–99.

[12] *Id.* ¶¶ 100–03.

[13] *Id.* ¶¶ 104–07.  Under this Claim, Plaintiff alleges Defendant violated 47 U.S.C. § 223 (electronic harassment) and 18 U.S.C. § 875 (threatening communication with intent to extort).  *See id*.

[14] *Id.* ¶¶ 108–11.

[15] *Id.* ¶¶ 112–15.

[16] *Id.* ¶¶ 116–19.

[17] *Id.* ¶¶ 120–23.

§ 495[18]; 10) violation of 18 U.S.C. § 1021[19]; 11) fraud against the United States[20]; 12) violation of §§ 18 U.S.C. 1513–14[21]; 13) mail fraud[22]; and 14) deprivation of rights under color of law.[23] For these claims, Plaintiff seeks monetary and injunctive relief, as well as various other court orders.[24]

## DISCUSSION

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[25] Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed by an IFP plaintiff if the court determines the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[26] A complaint is frivolous "where it lacks an arguable basis" either in law or in fact.[27] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[28] However, dismissal is appropriate when a pro se litigant does not allege a "viable

---

[18] *Id.* at 124–27.

[19] *Id.* ¶¶ 128–31.

[20] *Id.* ¶¶ 132–35.

[21] *Id.* ¶¶ 136–39.

[22] *Id.* ¶¶ 140–43.

[23] *Id.* ¶¶ 145–47.

[24] *Id.* ¶¶ 124–29. Plaintiff asks this court to order arrest warrants for Defendant and multiple other individuals in California, forfeiture of Defendant's assets, identification tests for Defendant, an order to regain possession of property, a subpoena for bodycam footage, and access to the court's electronic filing system. *See id.*

[25] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[26] 28 U.S.C. § 1915(e)(2)(B).

[27] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up).

[28] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation marks and citation omitted).

legal claim."²⁹  As explained below, Plaintiff has not stated any claims upon which the court may grant relief.  The court addresses each claim's deficiency below.

    I.    Claims One & Two: Violation of the Fifth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983

In Claim One, Plaintiff asserts Defendant, "with the support of government officials," violated of the Fifth Amendment of the United States Constitution by depriving him of "life, liberty, or property, without due process of law."³⁰  Claim Two alleges Defendant violated his due process, equal protection, and civil rights under the Fifth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983.³¹  Both Claims are unavailing.

Claims under the Fifth Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983 all require government action by Defendant.  The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law,"³² and "protects against actions by the federal government."³³  Additionally, the Supreme Court has explained that "state action [is] . . . an implicit predicate of the application of [the Fourteenth Amendment] due process standards."³⁴  To state a cause of action under § 1983, Plaintiff must allege "(1) deprivation of a federal right by (2) a person acting under color of state law."³⁵  "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show

---

²⁹ *See Triplett v. Triplett*, 166 Fed. App'x 338, 340 (10th Cir. 2006).

³⁰ *Id.* ¶ 94.

³¹ *Id.* ¶¶ 93–94, 97–98.

³² U.S. CONST. amend. V.

³³ *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997).

³⁴ *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 927 (1982) (citing *North Georgia Finishing Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975), *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), and *Fuentes v. Shevin*, 407 U.S. 67 (1972)).

³⁵ *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("By the plain terms of § 1983, two . . . allegations are required in order to state a cause of action under that statute.  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.") (citation omitted).

4

that he was injured as a result of *state action*. Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[36]

Plaintiff initiated this action against one defendant, Vert, and does not allege that Defendant is a government actor. Plaintiff alleges Defendant "has support from government officials,"[37] but Defendant does not allege that Defendant acted as part of, or on behalf of, a governmental entity.[38] So far as the court can discern, Plaintiff's Claims concern alleged fraud that deprived him of his rental housing, but he has not alleged an ownership interest in the rental property.[39] Additionally, other than making sweeping allegations that Defendant's ownership documents are fake,[40] Plaintiff does not allege Defendant took any actions himself to prevent him from occupying the rental property.[41] Indeed, Plaintiff states he does not know Defendant's identity.[42] Accordingly, Plaintiff has not asserted a viable claim under the Fifth Amendment, Fourteenth Amendment, or § 1983.

    II.    Claim Three: Discrimination in the Sale or Rental of Housing Under 42 U.S.C. § 3604

Plaintiff also asserts Defendant violated 42 U.S.C. § 3604 of the Fair Housing Act.[43] Section 3604 prohibits refusing to rent "negotiate for the . . . rental of, or otherwise make

---

[36] *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (unpublished) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (emphasis added); *see also Lugar,* 457 U.S. at 935; *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

[37] *Amended Complaint* ¶ 10; *see also id.* ¶ 11 (stating "government officials, the judicial system, law enforcement, and prosecutors support and cover for [Defendant] knowingly").

[38] *See generally*, Amended Complaint.

[39] *See generally*, Amended Complaint. Indeed, it is not clear from the Amended Complaint who owned the rental property at issue. Plaintiff states Lou Forti owned the property and was later told Forti passed away and Vert became the new owner. *See id.* ¶¶ 52, 53–54; *see also id.* ¶ 67 (stating Vert was "a fake owner").

[40] *See id.* ¶¶ 52, 53–54; *see also id.* ¶ 67 (stating Vert was "a fake owner").

[41] *See generally*, Amended Complaint.

[42] *Id.* ¶ 32; *see also id.* ¶ 10 ("[D]efendant's identity is unknown and needs to be established.").

[43] *Id.* ¶¶ 101–03.

5

unavailable" "a dwelling to any person because of race, color, religion, sex, familial status, or national origin."[44] Plaintiff has not alleged Defendant made the rental property unavailable to him because of his "race, religion, sex, familial status, or national origin."[45] Plaintiff alleges Defendant possessed fake ownership documents.[46] Even if true, Plaintiff does not allege Defendant took any actions himself to obtain the documents or use them to deny Plaintiff use of the rental property.[47] Accordingly, Claim Three fails.

> III.  Claims Four, Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen: Telecommunications Violation, Conspiracy Against Rights, Statements or Entries, Perjury, Contracts and Deeds, Title Records, Fraud Against the United States, Harassment and Retaliation, Mail Fraud, and "Deprivation of Rights Under Color of Law"

Claims Four through Six and Eight through Fourteen are all defective for the same reason: they allege crimes or violations of statutes that contemplate criminal proceedings. Actions that "contemplate a criminal proceeding . . . cannot be enforced by any civil action."[48] Criminal prosecutions are governed by separate procedural rules,[49] and defendants are protected by constitutional safeguards that could be undermined in a civil case.[50] The Executive Branch

---

[44] 42 U.S.C. § 3604(a).

[45] *See generally*, Amended Complaint.

[46] *Id.* ¶¶ 52, 53–54; *see also id.* ¶ 67.

[47] *See generally*, Amended Complaint.

[48] *United States v. Claflin*, 97 U.S. 546, 547 (1878).

[49] *See Helvering v. Mitchell*, 303 U.S. 391, 400 (1938) (distinguishing potential punishments between civil and criminal cases and criminal sanctions are "subject to the procedural rules governing criminal prosecutions").

[50] *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (stating that "permitting a private individual to initiate a criminal prosecution . . . would be to provide a means to circumvent legal safeguards provided for persons accused of a crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and . . . indictment by a grand jury"); *see also Bass Angler Sportsman Soc'y v. U.S. Steel Corp.*, 324 F. Supp. 412, 415 (S.D. Ala.), *aff'd sub nom. Bass Anglers Sportsman Soc'y of Am., Inc. v. Koppers Co.*, 447 F.2d 1304 (5th Cir. 1971) ("Serious constitutional problems are encountered in any attempt to impose criminal sanctions by way of civil procedures.").

through the Justice Department enforces federal criminal law,[51] and "[o]nly the government initiates a criminal case."[52]

Here, Plaintiff brings several claims that assert violations of statutes under Title 18,[53] which enumerates federal crimes and criminal procedure.[54] In Claim Four, Plaintiff asserts Defendant violated 42 U.S.C. § 223 and 18 U.S.C. § 875 by sending a text message threatening to kill Plaintiff and his fiancé if they did not "drop [a] lawsuit" against Defendant in California.[55] 42 U.S.C. § 223 prohibits an individual from using "a telecommunications device . . . without disclosing his identity . . . with intent to abuse, threaten, or harass any specific person" "in interstate or foreign communications."[56] A violation of § 223 carries a potential penalty under Title 18 of a fine or imprisonment.[57] Claims Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen also assert violations of statutes under Title 18.[58] Because Plaintiff "cannot recover civil damages for an alleged violation of a criminal statute," Claims Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen are not viable.[59]

---

[51] *Bass Anglers*, 324 F. Supp. at 415.

[52] *Criminal Cases*, UNITED STATES COURTS (Oct. 16, 2025), https://perma.cc/EY7B-HM83.

[53] Claim Five asserts conspiracy under 18 U.S.C. § 241; Claim Six asserts "statements or entries generally" under 18 U.S.C. § 1001; Claim Eight asserts perjury under 18 U.S.C. § 1621; Claim Nine asserts "contracts, deeds, and powers of attorney" under 18 U.S.C. § 495; Claim Ten asserts "title records" under 18 U.S.C. § 1021; Claim Eleven asserts "major fraud against the United States" under 18 U.S.C. § 1031; Claim Twelve asserts "civil action to restrain harassment of a victim or witness" under 18 U.S.C. § 1514 and "retaliating against a witness, victim, or an informant" under 18 U.S.C. § 1513; Claim Thirteen asserts "mail fraud and other fraud offenses" under 18 U.S.C. Chapter 63 Part I; and Claim Fourteen asserts "deprivation of rights under color of law" under 18 U.S.C. § 242. *Amended Complaint* ¶¶ 108–15, 120–47.

[54] *See United States Code Annotated, Title 18*.

[55] *Id.* ¶¶ 23, 65, 76, 105–07.

[56] 42 U.S.C. § 223(a)(1)(C).

[57] *Id.* § 223(a).

[59] *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

### IV.   Claim Seven: False Claims Under 31 U.S.C. § 3729

Remaining is Claim Seven, in which Plaintiff asserts Defendant violated 31 U.S.C. § 3729. This statute states:

> [A]ny person who a) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; b) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim, . . . is liable to the United States Government for a civil penalty.[60]

It is not clear from the Amended Complaint what false claims Defendant allegedly made. But, in any case, this Claim is improper because 31 U.S.C. § 3729 governs false claims *presented to the federal government* for payment.[61] The Amended Complaint is devoid of any allegations that Defendant made a claim to the government for payment.[62] Accordingly, Claim Seven is fruitless.

A motion for a temporary restraining order requires a plaintiff to demonstrate a likelihood of success on the merits of his claims.[63] As explained above, Plaintiff is unable to make that showing. Accordingly, the court must deny Plaintiff's Motion for a Temporary Restraining Order.

---

[60] 31 U.S.C. § 3729(a)(1).

[61] *See id.* § 3729(b)(2) (defining "claim" as a "request or demand . . . that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest").

[62] *See generally*, *Amended Complaint*.

[63] *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits."); *Bauchman By and Through Bachman v. W. High School*, 900 F.Supp. 248, 250 (D. Utah Sep. 13, 1995), *aff'd*, 132 F.3d 542 (10th Cir. 1997) ("The Tenth Circuit requires a movant to establish four elements as the basis for issuance of a TRO or preliminary injunction: (1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs any damage to the opposing party; (3) the injunction, if issued, will not be adverse to the public interest; and (4) a substantial likelihood exists that the moving party will prevail on the merits.").

## CONCLUSION

Having screened Plaintiff's Amended Complaint, the court is unable to discern a viable legal claim. It is therefore ORDERED that Plaintiff's Motions to Proceed IFP[64] and for a Temporary Restraining Order[65] are DENIED.[66] It is further ORDERED that this matter is dismissed, and the Clerk of Court is directed to close the case.

DATED this 17th day of October 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[64] Dkt. 2.

[65] Dkt. 4.

[66] *See Triplett*, 166 Fed. App'x at 340 (affirming dismissal of complaint as frivolous when it presented no viable legal claim).